**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re:<br><br>DAVID L. FULLER,<br><br>Debtor | Chapter 13<br>Case No. 24-40334-CJP |

**MEMORANDUM OF DECISION REGARDING**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ORDER**

On June 11, 2024, this Court conducted a hearing (the "Hearing") on the *Motion of Deutsche Bank National Trust Company, as Trustee for CDC Mortgage Capital Trust 2003-HE4, Mortgage Pass-Through Certificates, Series 2003-HE4 for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362* [ECF No. 19] (the "Motion") whereby Deutsche Bank National Trust Company, as Trustee for CDC Mortgage Capital Trust 2003-HE4, Mortgage Pass-Through Certificates, Series 2003-HE4, on behalf of itself and its successors and assigns (collectively, "Deutsche Bank") sought relief from the automatic stay to evict the debtor, David L. Fuller (the "Debtor"), from 22 Nevada Road, Tyngsborough, Massachusetts 01879 (the "Property"). Deutsche Bank alleges that it acquired title to the Property as the highest bidder at a foreclosure sale, attaching to the Motion a foreclosure deed dated October 20, 2015, and recorded on October 21, 2015 in the Middlesex County (Northern District) Registry of Deeds at Book 29518, Page 272 (the "Foreclosure Deed"), and that the Debtor, who was the former owner of the Property, "had no interest in the Property at the time he filed the bankruptcy petition" on April 5, 2024. *See* Mot. ¶¶ 5, 17. The Debtor filed an Objection to the Motion [ECF No. 43] (the "Objection"). The Court entered a *Proceeding Memorandum and Order* [ECF No. 46] (the "Proceeding Memorandum") granting the Motion for the reasons stated at the Hearing. The Court enters this Memorandum of Decision to set out in greater detail the rationale supporting its

determination granting the Motion described on the record.[1] After considering the Motion, the Objection, and record of this case, including the arguments of the parties at the Hearing, and taking judicial notice of related state court and appellate dockets, as discussed on the record at the Hearing and for the further reasons set out below, I GRANT the Motion in part authorizing certain relief from the automatic stay, but deny Deutsche Bank's request to waive the fourteen-day stay pursuant to Fed. R. Bankr. P. 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Rules").

## I. Relief from the Automatic Stay

I stated at the Hearing that I would grant the Motion because Deutsche Bank had met its burden to show a colorable claim entitling it to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1)[2] under the standards established in *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 31–34 (1st Cir. 1994). The Debtor's Objection focused on assertions related to the jurisdiction of the housing court (the "Housing Court") in relation to a post-foreclosure summary process action commenced by Deutsche Bank, Case No. 18H77SP004078 (the "Summary Process Action"), improper foreclosure, other claims he has asserted in different forums, including claims arising under the United States and Massachusetts constitutions, the (then-pending) appeal to the Massachusetts Supreme Judicial Court in *Frechette v. D'Andrea*, No. SJC-13497, 2024 WL 2885099 (Mass. June 10, 2024) allegedly impacting his dismissed appeals, and whether the *Rooker-Feldman* doctrine should apply with respect to the final judgment of the Housing Court on the issue of Deutsche Bank's title to the Property (and, thus, its standing to bring the Motion). In addition to his arguments relating to Deutsche Bank's standing, the Debtor

---

[1] The Debtor filed a *Notice of Appeal and Statement of Election* [ECF No. 49] with respect to the Proceeding Memorandum, which the Court will construe as applying to this Decision as well in transmitting the Notice of Appeal to the United States Bankruptcy Appellate Panel for the First Circuit.

[2] Unless otherwise noted, all section references herein are to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

2

contends that the Deutsche Bank is adequately protected and, presumably, has not demonstrated a colorable claim entitling it to relief from the automatic stay pursuant to § 362(d)(1) for that reason.[3] I have considered the Debtor's multiple arguments that Deutsche Bank does not possess title to the Property and had no standing to seek to evict him, and I found them to be unavailing.[4]

A hearing on a motion for relief from stay is intended to be summary proceeding, and the Court's central determination revolves around whether the party seeking relief has demonstrated it possesses a colorable claim to property of the estate. *Grella*, 42 F.3d at 33. Such a hearing

> is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims. Rather, it is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property. If a court finds that likelihood to exist, this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay.

*Id.* at 33–34. "'A colorable claim is one that is legitimate and that may reasonably be asserted, given the facts presented and the current law . . . .'" *U.S. Bank N.A. v. Vertullo (In re Vertullo),* 610 B.R. 399, 404 (B.A.P. 1st Cir. 2020) (quoting *Jin Qing Li v. Rosen (In re Jin Qing Li),* BAP

---

[3] The Debtor states that Deutsche Bank is "adequately preserved," *see* Obj. at 9, apparently attempting to address relief from stay pursuant to § 362(d)(1) "for cause," which includes "the lack of adequate protection of an interest," 11 U.S.C. § 362(d)(1). Deutsche Bank seeks relief from stay "for cause pursuant to 11 U.S.C. §362(d)(1) because the Debtor had no interest in the Property at the time he filed the bankruptcy petition." Mot. ¶ 17. The Debtor seems to further suggest this Court should deny relief pursuant to § 362(d)(2). Obj. at 9–10 (describing the Debtor's potential equity in the Property and that it is "needed for Reorganization of the Estate"). Deutsche Bank filed the Motion before the Debtor's case was converted from chapter 7 to chapter 13, which may explain Deutsche Bank's decision to forgo a request for relief pursuant to § 362(d)(2). *See In re Aja*, 442 B.R. 857, 862 (B.A.P. 1st Cir. 2011) (bankruptcy court's ruling was consistent with "cases holding that there cannot be a reorganization in prospect in a chapter 7 case"). Had Deutsche Bank requested relief on this basis, as explained below, it could demonstrate a colorable claim pursuant to § 362(d)(2).

[4] As to whether the Debtor may have constitutional or other claims against Deutsche Bank or any other party, I make no final determination of those issues. As discussed herein, I may consider claims and defenses, but I am not required to resolve them in determining a motion for relief from the automatic stay. This Order does not address the validity of the Debtor's pending state court appeal, but merely permits Deutsche Bank to pursue its state law rights and remedies, subject to any defenses or claims that may be asserted by the Debtor in that forum. *See Grella*, 42 F.3d at 33–34 (determining that "[a]s a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus, a decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere").

No. NC-17-1062-STaB, 2018 WL 1354548, at *4 (B.A.P. 9th Cir. Mar. 12, 2018)). As such, a party seeking relief from the automatic stay need only satisfy a low threshold. *In re Vertullo,* 610 B.R. at 404 ("A colorable claim (one seemingly valid and genuine) is not a difficult standard to meet") (quoting *In re Pansier*, No. 18-22297-beh, 2019 WL 1495100, at *4 (Bankr. E.D. Wis. Apr. 3, 2019)).

The Debtor raises issues regarding his loan origination and administration and has attempted to assert such claims in state court. He also raises issues regarding the propriety of the foreclosure by Deutsche Bank and its claim to title. He asserts that the numerous defenses and counterclaims that he has raised should preclude me from determining that Deutsche Bank holds a colorable claim to title to the Property that supports relief from the automatic stay. These asserted defenses and counterclaims are insufficient to counter the colorable claim to a superior right of possession demonstrated by Deutsche Bank. Application of the Rooker-Feldman doctrine and principles of res judicata provide a sufficient basis for my determination that Deutsche Bank demonstrated a colorable claim that it possesses title to the Property and a superior right to possession that may be pursued under state law, subject to any defenses or counterclaims that the Debtor may properly assert. Alternatively, Deutsche Bank submitted as exhibits to its Motion uncontroverted copies of the Foreclosure Deed and affidavit of sale complying with Mass. Gen. Laws ch. 244, § 15, which, under Massachusetts case law, establish a prima facie claim to title, and, consequently, a colorable claim to title and standing.

A. The Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine,[5] no federal court, other than the Supreme Court, has subject matter jurisdiction to consider "cases brought by state-court losers complaining of

---

[5] This doctrine is derived from the Supreme Court's decisions *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *District of Colombia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

4

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine also "precludes courts from exercising subject matter jurisdiction where the issues presented in the case 'are inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error." *Mills v. Harmon L. Offs., P.C.*, 344 F.3d 42, 44 (1st Cir. 2003) (quoting *Hill v. Conway,* 193 F.3d 33, 39 (1st Cir. 1999)).[6] Stated another way, courts apply the doctrine when the following four elements are satisfied: "(1) a party who lost in a state-court judgment that (2) was rendered before the federal action commenced, where (3) the party complains of injuries caused by the state-court judgment and (4) invites [federal trial] court review and rejection of those judgments." *DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 79 (D. Mass. 2015) (citing *Silva v. Massachusetts*, 351 Fed. App'x. 450, 454 (1st Cir. 2009)). However, application of the Rooker-Feldman doctrine "does not depend on what issues were actually litigated in the state court." *Maymo-Melendez v. Alvarez-Ramirez,* 364 F.3d 27, 33 (1st Cir. 2004) (determining in the context of an injunctive relief request that it is "enough" that granting the injunction sought by the state court loser "would effectively overturn the state court's decision"). Nor is its application "contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 66 (1st Cir. 2018). To the contrary, "[t]he Rooker-Feldman doctrine is properly applied where, regardless of how the claim is phrased, the only real

---

[6] After the Supreme Court limited Rooker-Feldman's reach in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the First Circuit has bypassed Rooker-Feldman issues in holding that a claim was clearly barred by res judicata. *See Torromeo v. Fremont*, 438 F.3d 113, 115 (1st Cir. 2006) ("Because we agree that Plaintiffs' Fifth Amendment claim is [barred by] res judicata, we bypass the Rooker-Feldman issue and proceed to the district court's alternative ruling."). Since Rooker-Feldman and res judicata analyses can be similar, I consider both and will rule in the alternative.

5

injury to [the plaintiff] is ultimately still caused by a state-court judgment." *DuLaurence*, 94 F. Supp. 3d at 80 (internal quotations and citations omitted).[7]

When determining whether a state court judgment was "rendered before the federal action commenced" for the purposes of Rooker-Feldman, the court should consider if the judgment was "sufficiently final" or "proceedings [have] ended," that is "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." *Silva*, 351 F. App'x at 455 (quoting *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005)). A summary process action has ended when the Housing Court has entered a final judgment granting the party pursuing summary process possession of a property and the losing party in the Housing Court forfeits his opportunity to appeal by failing to post the required appeal bond, *see Klimowicz*, 907 F.3d at 66 (citing *Federación de Maestros de P.R.*, 410 F.3d at 24), or further review has been denied. Deutsche Bank has provided copies of an Execution for Possession dated March 31, 2024 and the Summary Process Action docket reflecting dismissal of the appeal of the judgment for possession as exhibits to the Motion.[8]

Here, while the Debtor contends that the judgment of the Housing Court is not final because his "appeal" remains pending, the record demonstrates that the Debtor's appeal of the judgment for possession entered by the Housing Court was dismissed and that no further

---

[7] In his Objection, the Debtor alleges various constitutional claims that relate to the origination and administration of his loan. While "lower courts cannot rely on Rooker-Feldman to dismiss a case unless, *inter alia*, the federal plaintiff seeks redress of an injury *caused by* an allegedly erroneous state court decision; if the plaintiff alleges a constitutional violation by an adverse party independent of the injury caused by the state court judgment, the doctrine does not bar jurisdiction." *Davison v. Gov't of P.R.–P.R. Firefighters Corps.*, 471 F.3d 220, 222 (1st Cir. 2006). The Debtor's claims do not impact my assessment of Deutsche Bank's colorable claim to title nor appear to be dependent on the Housing Court's judgment as it relates to compliance with state foreclosure laws, and application of Rooker-Feldman is appropriate.

[8] Deutsche Bank also includes as exhibits copies of dockets from the appeals court related to the stay of the execution. The Debtor did not dispute the accuracy of the dockets. I have taken judicial notice of the dockets attached as exhibits and have considered orders entered by courts on the dockets that are publicly available on websites maintained by the Massachusetts courts or on Westlaw or other research databases.

appellate review of the judgment may be taken. The Massachusetts Appeals Court dismissed the Debtor's appeal because he did not comply with the lower court's order to pay monthly use and occupancy in lieu of an appeal bond.[9] *See Klimowicz*, 907 F.3d at 66; *see also Frechette*, 2024 WL 2885099, at *5.

Although the Debtor may have an appeal pending before the Massachusetts Appeals Court, that is not an appeal of the Housing Court's final judgment for possession in favor of Deutsche Bank. Instead, it appears the Debtor is challenging orders by the Housing Court and Massachusetts Appeals Court that denied his motions to stay the execution.[10]

---

[9] *See Deutsche Bank Nat'l Tr. Co. v. Fuller*, 200 N.E.3d 525 (Mass. App. Ct. 2022), *review denied*, 220 N.E.3d 85 (Mass. 2023) ("[T]he Fullers failed to pay the court-mandated use and occupancy, and Deutsche Bank moved to dismiss the Fullers' appeal. That motion was allowed. The Fullers now appeal from the orders dismissing their appeal and denying their related motion for reconsideration. We affirm.").

Once the appeal of the judgment of possession concluded and further review was denied, *see id.*, the execution subsequently issued and the Debtor moved for stay of the levy of the execution in the Appeals Court. Justice Blake issued the following order, denying the motion, which clarified the procedural posture of the state court actions:

> The relevant procedural history is set forth in *Deutsche Bank National Trust Co. v. Fuller*, 102 Mass. App. Ct. 1103 (2023). In that appeal, a panel of this court affirmed the order dismissing the [defendants'] appeal from the summary judgment in the plaintiff's favor.
>
> The defendants' motion to stay the execution that judgment is denied. By failing to timely challenge the use and occupancy payments to the single justice and in light of the panel's order affirming the dismissal of the defendants' appeal from the judgment, the [defendants] waived any argument they may have had regarding the affordability of their use and occupancy payments. Consequently, they have no likelihood of success on the merits of their appeal from the Housing Court judge's order. The motion is denied.

Mot., Ex. at 48–49 (*Deutsche Bank Nat'l Tr. Co. v. Fuller* (No. 2024-J-0171) (Mass. App. Ct. Mar. 29, 2024)). The Debtor appealed this decision of a single justice of the Appeals Court to the full panel, and the Massachusetts Appeals Court panel is awaiting briefing. *See generally* Mot., Ex. at 50 (*Deutsche Bank Nat'l Tr. Co. v. Fuller,* No. 2024-P-0422 (Mass. App. Ct.)). In his Objection and at the Hearing, the Debtor represents that his claims are pending before the First Circuit Court of Appeals, Obj. at 20, but a review of the dockets does not indicate such appeal exists.

[10] *See generally Deutsche Bank Nat'l Tr. Co. v. Fuller* (No. 2024-P-0422) (Mass. App. Ct.). The Debtor's state court stay motions and appeals concern whether the state courts misapplied or violated Mass. Gen. Laws ch. 261, §§ 27A to 27G ("indigent court costs law" or "ICCL") by ordering the Debtor to pay use and occupancy in lieu of an appeal bond and dismissing his appeals for failing to comply. The Debtor reiterates this argument in his Objection to the Motion in this case, citing to *Frechette v. D'Andrea*, No. SJC-13497, as being relevant to the success of his appeal before the full panel. Since the filing of the Motion, the Massachusetts Supreme Judicial Court published a decision in the *Frechette v. D'Andrea* matter and concluded a Housing Court judge may order an appellant to pay use and occupancy in lieu of an appeal bond when challenging a summary process judgment. *Frechette v. D'Andrea,* No. SJC-13497, 2024 WL 2885099, at *11 (Mass. June 10, 2024) ("The Legislature specifically and unambiguously required an indigent defendant whose appeal bond has been waived pursuant to G. L. c. 239, § 5 (e), to make ongoing use and occupancy payments pending appeal.").

7

In the Objection to the Motion, the Debtor essentially asks me to deny the Motion because he asserts that Deutsche Bank does not have title to the Property or a superior right of possession. This would directly contradict the judgment of the Housing Court and the decision dismissing the Debtor's appeal of that judgment.[11] This Court lacks jurisdiction under the Rooker-Feldman doctrine to make such a determination.

B. <u>Res Judicata</u>

Even if the Rooker-Feldman doctrine did not apply and I had jurisdiction to consider the issue of title and superior right to possession, I would be constrained by application of res judicata. "Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." *Pisnoy v. Ahmed (In re Sonus Networks, Inc., S'holder Derivative Litig.)*, 499 F.3d 47, 56 (1st Cir. 2007) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

The term res judicata includes both claim and issue preclusion. *In re Sonus Networks, Inc.*, 499 F.3d at 56. "Claim preclusion prevents the relitigation of all claims that a 'litigant had the opportunity and incentive to fully litigate . . . in an earlier action.'" *Giragosian v. Ryan*, 547 F.3d 59, 63 (1st Cir. 2008) (quoting *In re Sonus Networks, Inc.*, 499 F.3d at 56). As such, claim preclusion bars claims that were or could have been brought in prior litigation between parties.

---

[11] *Deutsche Bank Nat'l Tr. Co. v. Fuller*, Case No. 18H77SP004078, Dkt. No. 18 (Northeast Housing Ct. Feb. 21, 2019) ("There is no *genuine* issue of material fact with respect to [Deutsche Bank]'s possession of the Note and Mortgage, or [Deutsche Bank]'s standing to foreclose on the Mortgage, or [Deutsche Bank]'s superior right of possession of the [Property]."); *Id*. at Dkt. No. 19 (Northeast Housing Ct. Feb. 22, 2019); *Deutsche Bank Nat'l Tr. Co. v. Fuller*, 200 N.E.3d 525 (Mass. App. Ct. 2022), *review denied*, 220 N.E.3d 85 (Mass. 2023).

In addition, in a separate state court action, the Superior Court entered summary judgment in favor of Deutsche Bank and addressed certain arguments raised in the Debtor's Objection, including Deutsche Bank's authority to foreclose on the Property. *See Fuller v. Deutsche Bank Nat'l Tr. Co.*, Case No. 1481CV08014, Dkt. No. 16 (Middlesex Sup. Ct. Dec. 7, 2016). The Massachusetts Appeals Court affirmed the Superior Court's judgment and the Massachusetts Supreme Judicial Court denied further review. *Fuller v. Deutsche Bank Nat'l Tr. Co.*, 103 N.E.3d 768 (Mass. App. Ct. 2018), *review denied*, 104 N.E.3d 665 (Mass. 2018).

*See In re Sonus Networks, Inc.*, 499 F.3d at 56–58 (such later-filed claims are considered to be "finally settled" by the first judgment, even if that judgment did not decide the substance of the claim); *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1166 (1st Cir. 1991) ("[A] particular legal theory not pressed in the original suit will nonetheless be precluded in the subsequent one if it prescinds from the same set of operative facts."). To establish claim preclusion under Massachusetts law, a party must show: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *DaLuz v. Dep't of Corr.*, 746 N.E.2d 501, 505 (Mass. 2001). Causes of action are identical if they are "derived from the same transaction or series of connected transactions." *Saint Louis v. Baystate Med. Ctr., Inc.*, 568 N.E.2d 1181, 1185 (Mass. App. Ct. 1991).

Issue preclusion, on the other hand, bars relitigation of issues that were actually litigated and decided in the prior litigation, "even in the context of a suit based on an entirely different claim." *See In re Sonus Networks, Inc.*, 499 F.3d at 56. Issue preclusion applies when

> (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication.

*Kobrin v. Bd. of Registration in Med.*, 832 N.E.2d 628, 634 (Mass. 2005) (internal quotation omitted). The issue decided in the prior adjudication must have been essential to the earlier judgment, *see id.*, and appellate review must have been available, *see In re Sonus Networks, Inc.*, 499 F.3d at 57.

Res judicata, both claim preclusion and issue preclusion, applies to the Debtor's arguments and claims regarding Deutsche Bank's claim to title. The parties are identical. Other than certain claims unrelated to title, the claims and defenses litigated and decided in the Housing Court case are the same or sufficiently similar and "[derive] from the same transaction or series of connected transactions" at issue in the Housing Court case. *See Saint Louis,* 568

9

N.E.2d at 1185; *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008) ("Discrete theories of liability may constitute identical causes of action for claim preclusion purposes if they are based on the same nucleus of operative facts."); *see also Steele v. Bongiovi*, 784 F. Supp. 2d 94, 98 (D. Mass. 2011) (finding an identity of claims where claims in later lawsuit were "intimately related" to claims in earlier lawsuit and plaintiff could have raised them earlier); *Chuang Invs. v. Eagle Inns, Inc.*, 893 F. Supp. 102, 104 (D. Mass. 1995) (holding state law claims barred by res judicata because they could have been asserted in the original state court action). Similarly, the issue of title and superior right to possession was actually litigated and determined by the Housing Court.[12] The Debtor's effort to take a second "bite at the apple" and have this Court deny relief from the automatic stay on the basis that Deutsche Bank does not have title and a superior right to possession of the property—notwithstanding the final judgment of the Housing Court to the contrary—is what "[t]he rule of res judicata is designed to forestall." *Anderson v. Phoenix Inv. Couns. of Bos., Inc.*, 440 N.E.2d 1164, 1169 (Mass. 1982).

    C. <u>The Jurisdiction of the Housing Court</u>

Seeking to avoid application of the Rooker-Feldman doctrine and res judicata, the Debtor argues that the judgment of the Housing Court should not be considered "final" because he challenges the validity of the judgment based on his view that the Housing Court lacks jurisdiction to rule on issues of title. It is well-established law in Massachusetts that the legal title to property purchased at a foreclosure sale is an issue properly before the Housing Court in a summary process proceeding and that the Housing Court has jurisdiction to enter judgment with respect to challenges to title. *See Bank of Am., N.A. v. Rosa*, 999 N.E.2d 1080, 1089 (Mass.

---

[12] The Massachusetts Appeals Court issued an unpublished memorandum and order, affirming dismissal of the Debtor's appeal of the Housing Court's decision granting summary judgment in favor of Deutsche Bank in the post-foreclosure eviction action. *See Fuller*, 200 N.E.3d 525.

10

2013) (holding that the Housing Court has jurisdiction to hear defenses and counterclaims that challenge the title of a post-foreclosure summary process and simultaneously has the authority to award damages in conjunction with such counterclaims); *Bank of N.Y. v. Bailey*, 951 N.E.2d 331, 335 (Mass. 2011) (observing that "[c]hallenging a plaintiff's entitlement to possession has long been considered a valid defense to a summary process action for eviction where the property was purchased at a foreclosure sale" and holding that the Housing Court had jurisdiction to determine a challenge to title). The Massachusetts Land Court has succinctly summarized the burden on a party in a summary process action opposing eviction based on a challenge to title:

> [A] mortgagor owner, faced with eviction in a summary process action commenced following mortgage foreclosure, has the full opportunity needed to raise, as a defense in the summary process case, challenges to the mortgage foreclosure, and to the validity of the title which the foreclosure sale and deed yielded. Deferral of these questions, holding them in reserve for another day in another court, is not an acceptable tactic for the mortgagor to employ, at least without some clear understanding on the part of all the summary process parties that reserves until later the question of the title following the foreclosure. When the foreclosing lender comes into the Housing or District Court to recover possession, and bases its right on a title derived from a mortgage foreclosure recently conducted against the mortgagor, the mortgagor, who has knowledge of legal grounds why that foreclosure did not establish title in the grantee under the foreclosure deed, is bound to raise and pursue those legal grounds then, in the summary process forum. The failure to do so will preclude later litigation on these questions, which are fundamental elements of the case for possession.

*Solomont v. Howe Real Est. Advisors, LLC*, No. 11 MISC. 448092(GHP), 2011 WL 4483960, at *10–11 (Mass. Land Ct. Sept. 28, 2011).

Title and a superior right of possession are gating elements of any eviction claim brought in a summary process action. *See Rental Prop. Mgmt. Servs. v. Hatcher*, 97 N.E.3d 319, 325–26 (Mass. 2018) ("A plaintiff may bring a summary process action to evict a tenant and recover possession of his or her property only if the plaintiff is the owner or lessor of the property"). Massachusetts decisional law appears to squarely support the Housing Court's jurisdiction to

adjudicate title challenges in the context of a summary process action. As such, it is clear that the Housing Court had jurisdiction to enter its judgment relating to the Property.

### D. Deutsche Bank's Colorable Claim to Standing Based on Record Title

Even if the Rooker-Feldman doctrine and res judicata did not apply to the issue of standing and Deutsche Bank's assertion that it holds title to the property and a superior right to possession, Deutsche Bank has still demonstrated a colorable claim entitling it to relief from the automatic stay. *See Grella*, 42 F.3d at 31–34. As stated above, Deutsche Bank submitted as exhibits to its Motion uncontroverted copies of the recorded foreclosure deed and affidavit complying with Mass. Gen. Laws ch. 244, § 15. Under Massachusetts law, this establishes a prima facie claim to title.[13] These submissions were sufficient to also establish a colorable claim to title and standing under the *Grella* standard.

Beyond the issues of standing discussed above, "cause" exists under § 362(d)(1) because Deutsche Bank has been deprived of possession of the Property and has lacked adequate protection of its interest. While the Debtor states that the Deutsche Bank is "adequately preserved," he does not allege that any use and occupancy payments have been made or any other basis for a determination that Deutsche Bank's interest has been adequately protected or could be adequately protected when Deutsche Bank has been deprived of possession. Further, Deutsche Bank would be entitled to relief pursuant to § 362(d)(2) because the Debtor has no "equity" in his mere possessory interest in the Property, and such an interest could not be

---

[13] *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Hendricks*, 977 N.E.2d 552, 555–56 (Mass. 2012) ("[A] plaintiff in a postforeclosure summary process case may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale[.]"); *Bailey*, 951 N.E.2d at 336 ("In a summary process action for possession after foreclosure by sale, the plaintiff is required to make a prima facie showing that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded."); *Deutsche Bank Nat'l Tr. Co. v. Gabriel*, 965 N.E.2d 875, 879–80 (Mass. App. Ct. 2012) (affirming sufficiency of an affidavit and deed of sale that comply with the statutory requirements).

necessary to an effective reorganization. As such, Deutsche Bank demonstrated a colorable claim that it is entitled to relief from the automatic stay.

## II. Conclusion

For the reasons stated above, I GRANT the Motion in part, but deny Deutsche Bank's request to waive the fourteen-day stay pursuant to Fed. R. Bankr. P. 4001(a)(3) as sufficient cause has not been stated. Deutsche Bank is granted relief from the automatic stay provisions of 11 U.S.C. § 362(a) to seek to obtain possession the Property, which may include, but is not limited to, commencing or continuing any pending state court eviction proceedings, obtaining and enforcing an execution against the Debtor for possession, serving any unexpired execution against the Debtor for possession, removing any personal property of the Debtor, and evicting the Debtor, and other occupants from the Property, all in accordance with applicable state and federal law. Nothing in this Order shall be deemed to grant Deutsche Bank relief from the automatic stay to levy, or take any other action to seek or collect, monetary damages against the Debtor, provided, however, that Deutsche Bank may request from the state court the posting of a bond or receipt of payments for use and occupancy in conjunction with any requested stay pending appeal by the Debtor in any eviction proceeding.

Dated: June 25, 2024

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge